## LEWIS HOZIER *v.* THE STATE.

CHARGE OF THE COURT — CASE STATED. — It appears that defendant had been tried and acquitted of the theft of a different animal, from a different owner, alleged to have been stolen at or near the same place and time as the theft charged in this case. On his plea of former acquittal, interposed in this case, the court charged the jury, in substance, that before such plea could be sustained, it must be shown that the animal for the theft of which defendant was acquitted, and the one mentioned in the indictment, were taken at one and the same time and place, so as to make the stealing of both one act. *Held*, properly given.

APPEAL from the District Court of Grayson. Tried below before the Hon. J. BLEDSOE.

The indictment charged that the animal was stolen on the night of the twenty-eighth day of June, 1877.

The proof shows that the defendant was seen, on the evening of the 29th of June, 1877, riding the animal, leading one bay mule, and driving a bay mule and bay horse in front of him. When seen, he was about twenty miles from Sherman, near the Rock Bridge Ferry, on Red River, going in a brisk trot towards the Worthington farm, in

the Chickasaw Nation. About two weeks thereafter the animal was found in the possession of Brit and Holmes Willis, on the Worthington farm. Defendant was also shown to have been about there, passsing under another name.

It was further shown by the evidence that, *en route* with the stock, defendant told a witness, whom he had hired to help him drive the stock, that he had stolen them in Grayson County, near Denison.

The owner of the animal stolen testified that he had turned the animal out to graze, about dusk, at the gate of his house ; and that he turned the bay horse which defendant was seen driving, and which was hired and worked by witness, out to graze about three o'clock, P. M., and about three-quarters of a mile distant from the house. The two horses had not been seen together that day. It was agreed that defendant had been tried for, and acquitted of, the theft of the bay horse.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WINKLER, J. The only material difference between this case and the case No. 1345, between the same parties, and from the same county, is that, in that case the appeal was from a judgment of conviction of theft of two mules, belonging to one Bradley, whilst in the present case the appeal is from a trial and conviction for the theft of a gelding, the property of one Forcha.

As to the facts, the pleas of the defendant, the charge of the court, and the questions of law arising upon the record, and upon which the case must be considered on appeal, the two cases are so strikingly similar as not to require consideration in a separate opinion. Those questions having already had all the consideration their importance demands, and our conclusions having been so fully

expressed in the opinion in that case (*Hozier* v. *The State*, *ante*, p. 501), delivered at the present term, we need do no more than refer to the opinion of the court in that case for our conclusions as to this, and the reasons therefor.

One question will be further noticed. The defendant, besides pleading *not guilty*, pleaded a former acquittal for the same offence for which he was then on trial. It is complained, in the second clause in the assignment of errors, that the court erred in this : that the charge tends to exclude all evidence that may have been given in proof of his plea in bar, by the witnesses for the State, from the consideration of the jury. The error is supposed to have been committed in the third paragraph of the charge. This paragraph of the charge is as follows : " The burden of proving the truth of the plea in bar is on the defendant, and in your verdict you must say whether his plea in bar be 'true or untrue,' and then find him guilty or not guilty, as the evidence and law given you in charge may warrant." The charge is immediately preceded by an instruction to the effect that, if the jury " believe, from the evidence, that the gelding of Forcha " and that mentioned in the indictment offered in evidence in order to sustain the plea of former conviction, interposed by the defendant, " were taken at the same time and place, so as to make the stealing of both one act,   *   *   * you will find that his plea in bar is 'true,' and find him not guilty ; but if you find that defendant took the gelding of Forcha at a different time or place,   *   *   *   you will find the defendant's plea in bar 'not true,' and then you will proceed to find him guilty or not guilty, as the evidence may warrant you in doing."

The question to be determined by the jury on this plea was, whether the theft or thefts set up in bar of this prosecution were, in fact, the same offence as that on which he was being tried, — *i.e.*, whether the theft of Forcha's gelding was the same, or part of the same, transaction as that upon which he had been before tried and convicted, or ac-

quitted.   If it could be identified by proof as the same, the plea would be sustained; otherwise, if not so identified. The question was fairly and properly submitted to the jury by the charge of the court; and the third paragraph of the charge, whether taken by itself or in connection with the whole charge on the subject, was not calculated to deprive the defendant of the whole of the testimony on that branch of the case.   Abstractly considered, there was no error in charging that the burden of proving the truth of the plea in bar was on the defendant.   This was decided in the former case.   See the opinion for authorities, *ante*, p. 501.

There was evidence of different charges, involving the theft of different animals, belonging to different owners, taken from the same vicinity, and about the same time. As to whether they were taken from the same place, and at the same time, so as to constitute but one act, the matter was properly submitted to the jury by an appropriate charge; and we are unable to perceive that the testimony warranted any other conclusion than that, although the several animals may have been conveyed to the same place, they had been procured by the same parties, at different times and places.

It may be true that one equally guilty with the appellant turned State's evidence.   The vilest not infrequently do this, in order to screen themselves from the legitimate consequences of their own misdeeds.   As to the necessity of corroborating such a witness, the jury was properly instructed.   We perceive no error in the proceedings.   The trial was regular, and the verdict has an abundance of testimony to support it.   The judge who presided on this trial, in his instructions to the jury, evinced a proper appreciation of the idea expressed in the Code, that, in cases of felony, it is the duty of the judge to distinctly set forth the law applicable to the case, whether asked so to do or not. Code Cr. Proc., art. 94.   The judgment is affirmed.

*Affirmed.*